J-S22029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SIDNEY BROOKS | : | |
| | : | |
| Appellant | : | No. 1333 WDA 2022 |

Appeal from the Judgment of Sentence Entered July 8, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No.:  CP-02-CR-0001090-2021

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:                **FILED: September 29, 2023**

Appellant Sidney Brooks appeals from the July 8, 2022, judgment of sentence entered in the Court of Common Pleas of Allegheny County ("trial court"), following her guilty plea to twenty-five counts relating to the sexual abuse of five children.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  In connection with the sexual abuse of multiple young children, Appellant pled guilty to the aforementioned counts, and on July 8, 2021, the trial court sentenced her to 47 to 94 years' imprisonment.  Appellant filed a post-sentence motion, arguing that her sentence was manifestly excessive because the trial court failed to consider mitigating circumstances and imposed consecutive sentences.  On October 18, 2022, Appellant filed an amended post-sentence motion.  The trial court denied post-sentence relief on October 21, 2022.  Appellant timely appealed.  The trial court directed Appellant to file

a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant

complied, challenging only the discretionary aspects of her sentence. In

response, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal,[1] Appellant argues only that the trial court abused its

discretion in imposing an excessive sentence of 47 to 94 years' imprisonment.

Appellant's Brief at 3. In support, she claims that the trial court: (a) failed to

consider her mitigating circumstances and (b) erred in imposing consecutive

rather than concurrent sentences.[2]

_____

[1] When reviewing a challenge to the trial court's discretion, our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa. Super. 2012) (quoting *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa. Super. 2002)), *appeal denied*, 64 A.3d 630 (Pa. 2013).

[2] To the extent Appellant claims that the trial court abused its discretion in failing to consider statutory factors enumerated in Section 9721(b) of the Sentencing Code, 42 Pa.C.S.A. § 9721(b), the claim is waived, as the Commonwealth correctly points out. Appellant failed to preserve this claim for our review because she did not raise it before the trial court at sentencing or in the post-sentence motion. *See* Pa.R.Crim.P. 720(A)(1); *see also Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (holding objections to discretionary aspects of sentence are generally waived if not raised at sentencing or preserved in a post-sentence motion), *appeal denied*, 76 A.3d 538 (Pa. 2013). In *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013), we explained that "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the

*(Footnote Continued Next Page)*

It is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." **Commonwealth v. Dunphy**, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. **Commonwealth v. W.H.M.**, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id.** at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528 (Pa. Super. 2006)). Whether a particular issue constitutes a substantial question about

---

claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." **Cartrette**, 83 A.3d at 1042 (citation omitted). Separately, this claim also is waived because Appellant raised it for the first time in her Rule 1925(b) statement. It is settled that an appellant cannot raise a discretionary challenge to his or her sentence for the first time in a Rule 1925(b) statement. **See Commonwealth v. Coleman**, 19 A.3d 1111, 1118 (Pa. Super. 2011) (issues raised for the first time in Rule 1925(b) statement are waived); **see also Commonwealth v. Watson**, 835 A.2d 786, 791 (Pa. Super. 2003) ("a party cannot rectify the failure to preserve an issue by proffering it in" a Rule 1925(b) statement).

the appropriateness of sentence is a question to be evaluated on a case-by-case basis. **See Commonwealth v. Kenner**, 784 A.2d 808, 811 (Pa. Super. 2001), **appeal denied**, 796 A.2d 979 (Pa. 2002).

Here, Appellant has satisfied the first three requirements of the four-part **Moury** test. Appellant filed a timely appeal to this Court, preserved the issue on appeal through her post-sentence motions, and included a Pa.R.A.P. 2119(f) statement in her brief.[3] We, therefore, must determine only if Appellant's sentencing issues raise a substantial question.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Phillips**, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted), **appeal denied**, 964 A.2d 895 (Pa. 2009). "[W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists." **Commonwealth v. Christine**, 78 A.3d 1, 10 (Pa. Super. 2013), **aff'd**, 125 A.3d 394 (Pa. 2015).

---

[3] Rule 2119(f) provides that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

It is settled that this Court does not accept bald assertions of sentencing errors. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). When we examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists, "[o]ur inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Commonwealth v. Ahmad*, 961 A.2d 884, 886-87 (Pa. Super. 2008) (quoting *Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005)). A Rule 2119(f) statement is inadequate when it "contains incantations of statutory provisions and pronouncements of conclusions of law[.]" *Commonwealth v. Bullock*, 868 A.2d 516, 528 (Pa. Super. 2005) (citation omitted).

Here, as indicated, Appellant essentially asserts in her Rule 2119(f) statement that (1) her sentence is excessive because the court did not consider mitigating factors and (2) the trial court should have imposed concurrent, rather than consecutive, sentences. Based on her 2119(f) statement, we conclude that Appellant has failed to raise a substantial question.

As noted, Appellant's excessiveness claim is premised principally on her argument that the trial court failed to consider her mitigating circumstances. In this regard, we have "held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa.

Super. 2013) (quoting *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010)); *see also Commonwealth v. Berry*, 785 A.2d 994 (Pa. Super. 2001) (explaining allegation that sentencing court failed to consider certain mitigating factor generally does not raise a substantial question); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa. Super. 1995) ("[a]n allegation that a sentencing [judge] 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate,"), *appeal denied*, 676 A.2d 1195 (Pa. 1996); *Commonwealth v. Bershad*, 693 A.2d 1303, 1309 (Pa. Super. 1997) (finding absence of substantial question where appellant argued the trial court failed to adequately consider mitigating factors and to impose an individualized sentence). Consistent with the foregoing cases, we conclude that Appellant failed to raise a substantial question with respect to her excessiveness claim premised on inadequate consideration of mitigating factors.

Even if we were to find a substantial question, Appellant still would not be entitled to relief. Our review of the sentencing transcript reveals that the trial court considered Appellant's mitigating circumstances. *See* N.T., Sentencing, 7/8/22, at 30-31.[4]

---

[4] Where, as here, the sentencing court had the benefit of a presentence investigation report, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. *See Griffin*, 65 A.3d at 937 (citations and internal quotation marks omitted).

Moreover, we consistently have recognized that excessiveness claims premised on imposition of consecutive sentences also do not raise a substantial question for our review. *See Commonwealth v. Caldwell*, 117 A.3d 763, 769 (Pa. Super. 2015) (*en banc*) (stating, "[a] court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question[.]"), *appeal denied*, 126 A.3d 1282 (Pa. 2015); *see also Ahmad*, 961 A.2d at 887 n.7; *Commonwealth v. Pass*, 914 A.2d 442, 446-47 (Pa. Super. 2006). Indeed, "[a]lthough Pennsylvania's system stands for individualized sentencing, the court is not required to impose the 'minimum possible' confinement." *Moury*, 992 A.2d at 171 (citation omitted). "Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question." *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013); *see also* 42 Pa.C.S.A. § 9721(a) (providing that the court may impose sentences "consecutively or concurrently"); *Commonwealth v. Johnson*, 873 A.2d 704, 709 n.2 (Pa. Super. 2005) (noting that challenges to the trial court's discretion to impose consecutive or concurrent sentences ordinarily does not raise a substantial question). Accordingly, Appellant does not raise a substantial question. She is not entitled to relief.

Even assuming Appellant did raise a substantial question insofar as Appellant invites us to accept that the consecutive sentences amounted to a

life sentence, she still is not entitled to relief. *See Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super. 1995) (stating that an appellant is not entitled to a "volume discount" for his crimes by having all sentences run concurrently). "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Moury*, 992 A.2d at 171-72 (citation omitted).

In *Commonwealth v. Prisk*, 13 A.3d 526 (Pa. Super. 2011), the defendant was convicted of 314 offenses, including multiple counts of rape, IDSI, and indecent assault. *Prisk*, 13 A.3d at 528. He sexually abused his stepdaughter for seven years, beginning when she was ten years old. *Id.* The trial court imposed an aggregate sentence of 633 to 1,500 years' imprisonment. *Id.* at 529. On direct appeal to this Court, the defendant "assert[ed] his aggregate sentence [was] manifestly excessive and unreasonable, because the court imposed consecutive sentences for some of his convictions," the "court failed to recognize the absurdity of the aggregate sentence imposed," and "[b]ased on his current life expectancy, . . . his minimum sentence [was] roughly twelve times longer than necessary for the court to have effectively imposed a life sentence." *Id.* at 532.

In denying relief, we reasoned:

[W]e must emphasize that the jury found [the defendant] guilty of [314] separate offenses. These offenses stemmed from [the defendant's] systematic sexual abuse of his stepdaughter, which

- 8 -

occurred on an almost daily basis over the course of six years. Further, the court did not impose consecutive sentences for every count. At the same time, [the defendant] was not entitled to a "volume discount" for his multiple offenses. Based upon the foregoing, we will not deem the aggregate sentence as excessive in light of the violent criminal conduct at issue.

*Id.* at 533 (citation omitted).

Here, the uncontradicted evidence of record, as introduced during the guilty plea hearing, established that Appellant sexually abused five very young children. Indeed, the children, three of them infants and one a toddler, underwent prolonged sexual abuse at the hands of Appellant. It was in recognition of this fact that consecutive sentences were imposed. To do otherwise, would be to grant Appellant a volume discount for committing multiple heinous crimes against multiple victims. Thus, under the disturbing circumstances of this case, and consistent with *Prisk*, we cannot conclude that the trial court abused its sentencing discretion, especially where the court did not impose a sentence, much less a consecutive sentence, for every count. Accordingly, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2023